**Arnulfo ESTUPINAN–GUERRERO; Maria Rosaura Cano de Estupinan, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**Nos. 06–75520, 07–72060.**

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 21, 2009.

Christopher J. Todd, Esq., for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William C. Erb, Jr., Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

for decision without oral argument. *See* Fed.

556

## MEMORANDUM **

In these consolidated petitions, Arnulfo Estupinan–Guerrero and Maria Rosaura Cano De Estupinan, spouses and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for cancellation of removal (No. 06–75520), and the BIA's order denying their motion to reopen (No. 07–72060). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo due process claims. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). In No. 06–75520, we dismiss in part and deny in part the petition for review. In No. 07–72060, we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that petitioners failed to show the requisite hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005).

Contrary to petitioners' contention, the agency's interpretation of the hardship standard falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1004–06 (9th Cir.2003).

Petitioners contend that the agency violated due process by mischaracterizing and ignoring their evidence of hardship, and by refusing to continue proceedings to allow for additional testimony. Contrary to petitioners' contentions, the proceedings were not "so fundamentally unfair that [they were] prevented from reasonably presenting [their] case." *Colmenar*, 210 F.3d at 971 (internal quotation marks and citation omitted). Moreover, petitioners failed to

demonstrate that additional testimony would have affected the outcome of the proceedings. *See id.* (requiring prejudice to prevail on a due process challenge).

The evidence petitioners presented with their motion to reopen concerned the same basic hardship grounds as their applications for cancellation of removal. We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See Fernandez v. Gonzales*, 439 F.3d 592, 601–03 (9th Cir.2006).

Our conclusion that we lack jurisdiction to review the BIA's determination that petitioners did not make out a prima facie case of hardship forecloses their contention that the BIA failed to explain adequately its reasons for denying the motion to reopen and failed to consider and address the entirety of the evidence. *See id.* at 603–04.

Petitioners' contention that the BIA failed to utilize the correct standard in denying their motion to reopen is unavailing.

Petitioners' remaining contentions are unpersuasive.

**No. 06–75520: PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**No. 07–72060: PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.